IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRT McCLEARY, III,

        Plaintiff,                    CIV S-09-1306 JAM KJM PS

        v.

EL DORADO COUNTY, et al.,       ORDER AND

        Defendants.           FINDINGS & RECOMMENDATIONS

_____/

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Plaintiff seeks reconsideration of the court's order directing plaintiff to clarify the discrepancy in the record regarding whether plaintiff was incarcerated or not. Plaintiff has now explained that the court's records, which indicated plaintiff was incarcerated, pertained to plaintiff's son, who has the same name as plaintiff.

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

1

granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

In this case, plaintiff seeks federal court review of state proceedings regarding paternity, child support, and third party reimbursement for welfare benefits granted to plaintiff's children.  Federal district courts are trial courts, not appellate courts.  A federal district court does not have jurisdiction to review errors in state court decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987).  That the federal district court action alleges the state court's action was unconstitutional does not change the rule.  Feldman, 460 U.S. at 486.  Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine.  Id. at 483-84 & n.16.  If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

1  The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

It is well settled that federal courts should abstain from adjudicating domestic relations cases. See Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir.1983) (per curiam). Even if the case raises constitutional issues, abstention is proper if the case, at its core, is a domestic relations or child custody dispute. See Coats, 819 F.2d at 237. "The strong state interest in domestic relations matters, [and] the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states . . . makes federal abstention in these cases appropriate." Peterson, 708 F.2d at 466.

Stripped to its essence, this action is one for federal court review of state court child support proceedings and the consequences that have flowed therfrom. The court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions and therefore will recommend dismissal of this action for lack of subject matter jurisdiction.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

3

1   IT IS HEREBY RECOMMENDED that this action be dismissed.

2   These findings and recommendations are submitted to the United States District
3   Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
4   after being served with these findings and recommendations, any party may file written
5   objections with the court and serve a copy on all parties.  Such a document should be captioned
6   "Objections to Findings and Recommendations."  Any reply to the objections shall be served and
7   filed within ten days after service of the objections.  The parties are advised that failure to file
8   objections within the specified time may waive the right to appeal the District Court's order.
9   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED:   September 25, 2009.

11  006
    mccleary.ifp.57

                                                    _____
                                                    U.S. MAGISTRATE JUDGE

4